**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| PATRICK HULETT *et al.*,<br><br>     *Plaintiffs*,<br><br>   v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>     *Defendant*. | Civil Action No. 25-695 (RDM) |

**<u>ORDER</u>**

Upon consideration of Plaintiffs' Motion for Entry of a Case Management Order, Dkt. 28, it is hereby **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part.  The Court **DENIES** the motion to the extent it asks the Court, or any court-appointed special master, to take "judicial notice" of the finding of facts or law entered in prior Foreign Sovereign Immunity Act ("FSIA") cases, rather than merely asking the Court or court-appointed special master to consider the evidence introduced in any such case.  The Court otherwise **GRANTS** the motion.

Plaintiffs "propose submitting materials on behalf of groups of Plaintiffs directly to the Special Masters in the first instance, relying on this Court's bellwether opinion in *Martino* as well as other judicially noticeable findings and opinions from other courts in this District."  Dkt. 28 at 6.  They further contend that the special master appointed in this case "can rely on" and "draft R&Rs consistent with this Court's bellwether ruling in *Martino* (as well as this Court's subsequent orders and other relevant precedent)."  *Id.* at 7.  Plaintiffs cite to several cases for the proposition that judges in FSIA cases may "incorporate evidence and findings from related cases

involving the same defendants and conduct" or "tak[e] judicial notice of prior findings of fact."

*Id.* 7 n.5.

> Although prior decisions in this district "have . . . frequently taken judicial notice of earlier, related proceedings," *Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163, 171 (D.D.C. 2010) (collecting cases), that does not mean that the Court may simply accept the facts found in an earlier opinion, which would amount to a prohibited exercise of collateral estoppel, *see Weinstein v. Islamic Republic of Iran*, 175 F. Supp. 2d 13, 20 (D.D.C. 2001) ("[F]indings of fact made during the course of this type of one-sided [FSIA] hearing should not be given a preclusive effect."). The Court may, however, "review evidence considered in" a prior proceeding "without necessitating the re-presentment of such evidence." *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 59 (D.D.C. 2010) (citing *Est. of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 264 (D.D.C. 2006)).

*Jakubowicz v. Islamic Republic of Iran*, No. 18-cv-1450, 2022 WL 3354719, at *6 (D.D.C. Aug. 9, 2022). Plaintiffs assert that judicial notice is "frequently used in FSIA litigation to incorporate evidence and *findings* from related cases" and "*findings of fact*" from such cases. Dkt. 28 at 7 n.5 (emphases added). The cases that Plaintiff rely on, however—*Akins v. Islamic Republic of Iran*, 332 F. Supp. 3d 1, 10–11 (D.D.C. 2018), *Karcher v. Islamic Republic of Iran*, 396 F. Supp. 3d 12, 16 (D.D.C. 2019), *Foley v. Syrian Arab Republic*, 249 F. Supp. 3d 186, 191–92 (D.D.C. 2017), and *Blank v. Islamic Republic of Iran*, No. 19-cv-3645, 2021 WL 3021450, at *2 (D.D.C. July 17, 2021)—do not go that far and stand for the same proposition that this Court identified in *Jakubowicz*. *See, e.g.*, *Akins*, 332 F. Supp. 3d at 10 ("Rather than require litigants to present such evidence anew in each lawsuit stemming from the same terrorist attack, courts have determined that the proper approach is one that permits courts in subsequent related cases to *rely upon the evidence presented in earlier litigation* . . . without necessitating the formality of having that evidence reproduced, so that courts *may reach their own independent findings of fact predicated on judicial notice of the evidence presented in the earlier cases*." (emphasis added)

(citation modified)); *Karcher*, 396 F. Supp. 3d at 16 ("And lastly, at Plaintiffs' request, the Court exercised its discretion to take judicial notice of certain findings by [the undersigned] in another case about the same attack . . . .  Nevertheless, the Court made clear that it must make its 'own, independent findings of fact' based on the evidence presented at trial." (citation modified)); *Foley*, 249 F. Supp. 3d at 191 ("Plaintiffs concede that taking judicial notice of these findings does not conclusively establish the facts found in those cases . . . taking *notice* of another court's finding of fact does not necessarily denote *adoption* or *finding* of that fact." (emphasis in original) (citation modified)); *Blank*, 2021 WL 3021450, at *2 (court will "grant the plaintiffs' request to take judicial notice of *the evidence* presented" in prior cases. (emphasis added)).

To the extent Plaintiffs' counsel seek to group Plaintiffs based on whether they were injured by attacks for which this Court or other courts from this District have previously established liability as an organizational tool, that is permissible.  Neither the special masters, nor the Court, however, may take judicial notice of the findings of fact made in those prior cases. The special masters, and this Court, must independently assess that prior evidence, along with any additional evidence submitted by Plaintiffs in the present case, and may not simply adopt factual findings from other cases.

With that clarification in mind, it is hereby **ORDERED** that the following case management plan shall govern further proceedings, subject to revision as the case proceeds:

1. Within 14 days after the Court's entry of this Case Management Order, Plaintiffs will file a proposed administrative plan governing the appointment of special masters and will propose special masters to consider and issue recommendations as to all issues related to each Plaintiff proving his or her entitlement to compensatory damages, if any, under the Foreign Sovereign Immunities Act's terrorism exception, 28 U.S.C.

§ 1605A, including personal jurisdiction, subject matter jurisdiction under 28 U.S.C. § 1605A(a), the private right of action under 28 U.S.C. § 1605A(c), and the scope of each Plaintiff's compensatory damages.

2. Within 30 days after the Court's entry of an administrative plan governing the appointment of special masters, Plaintiffs will make a written submission including a memorandum of points and authorities, Plaintiffs' declarations, relevant expert reports, and other documentary evidence to one special master concerning a subset of approximately 13 Plaintiffs who were injured by eight attacks for which this Court or other courts in this District have previously established Iran's liability and one Plaintiff who was injured in an attack for which a special master has recommended Iran be found liable. Within 60 days after Plaintiff's submission, the special master will issue a report and recommendation concerning Iran's liability for each attack and each such Plaintiff's eligibility and entitlement to damages. Plaintiffs will promptly file the special master's report and recommendation with the Court and will file any objections within 30 days thereafter.

3. Plaintiffs will also make written submissions, including memoranda of points and authorities, Plaintiffs' declarations, expert reports, and other documentary evidence, to the appointed special masters, who will adjudicate and make recommendations as to both liability and damages for subsequent groups of Plaintiffs on a rolling basis. Plaintiffs will apportion their claims into two or three groups of approximately 15–25 attacks and 40–60 corresponding Plaintiffs in each submission. Within 60 days of receiving a written submission from Plaintiffs, the special master will submit his or her report and recommendation concerning Iran's liability for each such attack and

the damages of each such Plaintiff.  Plaintiffs will promptly file each report and recommendation with the Court and will file any objections within 30 days thereafter.

4.  Plaintiffs will follow the process outlined in paragraph 3 above for each subsequent group of Plaintiffs until a special master has made recommendations, and the Court has issued a decision, as to liability and damages for each Plaintiff in the action.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 3, 2026